BLOODWORTH, Justice.
This is an appeal by Contractor from a judgment denying petition for writ of mandamus and motion to alter, amend or vacate a judgment. This case involves the interpretation of what is now § 40-23-50(d) (Code 1975). We affirm.
Contractor, Guy H. James Construction Company, is a general contractor incorporated under the laws of the State of Oklahoma, and is qualified to do business in Alabama. From 1972 to 1976, Contractor performed highway and bridge construction work under four contracts with the Highway Department of the State of Alabama, and paid taxes to the State under the Contractor’s Gross Receipts Tax Law, now codified at § 40-23-50 (Code 1975). This statute levies a privilege or license tax on each person, firm or corporation engaged within this state in building any public highway, road, bridge or street. The amount of the tax is equal to 5 percent of the gross receipts of such business. At the time it paid taxes pursuant to this section, Contractor made no claim of exemption from gross receipts received under the contracts.
In August 1976, Contractor sought a writ of mandamus to Charles A. Boswell, Commissioner of Revenue of the State of Alabama, to compel a refund for alleged overpayment of taxes from 1973 to 1976. Specifically, Contractor claimed that the first clause of § 40-23-50(d) excludes from gross receipts that portion of gross receipts used to purchase tangible personal property sold, used, stored or consumed in performance of the contracts when such property has been taxed by the sales or use tax laws. Contractor contends the 5 percent contractor’s gross receipts tax is then levied on the remaining gross receipts.
The provision in question reads as follows, in pertinent part:
“(d) The taxes levied herein shall not apply with respect to the sale, use, storage or consumption of tangible personal property taxes by the provisions of the sales tax law, or the provisions of [the use tax law] . . . .”
*273 The trial court disagreed with Contractor and found that subsection (d) provides for no such deduction for purchases on which sales or use taxes had been paid.
At the outset we note that the word “taxes” in the phrase “tangible personal property taxes by the provisions of the sales tax law” appears to be a typographical error. It is plain from the context in which it is used that “taxes” should be read “taxed.” An obvious error in the language of a statute is self-correcting. State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). In such an instance, the Court may substitute the correct word when it can be ascertained from the context of the act. C. Sands, 2A Sutherland Statutes and Statutory Construction § 47.36 (1973). The trial court found the correct word to be “taxed.” Both parties appear to agree it should be “taxed.” We think so too.
On this appeal the contractor’s argument proceeds as follows. Subsection (d) excludes something from the operation of the statute. Because the tax applies to gross receipts, whatever is excluded is excluded from gross receipts. Moreover, “gross receipts” subject to this tax does not mean the same thing as “gross receipts” for sales tax purposes, rather, the former is clearly limited to proceeds received under contracts with the Highway Department. Contractor concludes that the legislature intended to avoid double taxation by excluding from “gross receipts” an amount equal to the purchase price of tangible personal property, used or consumed in performing the contracts, on which a sales or use tax has been paid. In effect, contractor concludes subsection (d) applies to property (or its purchase price) and not to activities.
The Commissioner agrees that subsection (d) excludes something from the operation of the statute. But he maintains that the definition of “gross receipts” in the sales tax statute is incorporated in the contractor’s gross receipts tax statute. Because this incorporation widened the operation of the gross receipts tax beyond the scope intended, the legislature included subsection (d) to restrict its operation to Highway Department construction contracts only. In effect, subsection (d) excludes activities subject to the sales or use taxes, not property (or its purchase price). This is essentially the holding of the trial court.
Examination of the gross receipts tax statute [§ 40-23-50] reveals that the tax applies to specific business activities and is in addition to. all other taxes imposed:
“(a) There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected, as herein provided, a privilege or license tax against the person on account of the business activities engaged in and in the amount to be determined by the application of rates against gross receipts, as follows:
“Upon every person, firm or corporation engaged or continuing within this state in the business of contracting to construct, reconstruct or build any public highway, road, bridge or street, an amount equal to five percent of the gross receipts of any such business . . .”
The statute provides for incorporation of provisions from the sales tax law:
“(c) ... All provisions of the state sales tax, with respect to definitions, payment and assessment of the state sales tax, making of reports and keeping and preserving records with respect thereto, interest after the due date of tax, penalties for failure to pay tax or otherwise complying with the state sales tax statutes, the promulgation of rules and regulations and the administration and enforcement of the state sales tax statutes, which are not inconsistent with the provisions of this section when applied to the tax levied pursuant to subsection (a) of the section, shall apply to the tax levied herein. . . .” (Emphasis added.)
Subsection (d) then follows.
The incorporation of the sales tax definition of “gross receipts” seems awkward and unnecessary. The sales tax definition is “value proceeding or accruing from *274 the sale of tangible personal property [and other items constituting such receipts].” § 40-23-1(8) (Code 1975). It is evident that this definition is inconsistent with the provisions of the gross receipts tax law, which is measured by gross receipts from public construction contracts. Subsection (a), quoted above contains a sufficient explanation of “gross receipts” for contractor’s gross receipts tax purposes: the Value received from “contracting to construct, reconstruct or build any public highway, road, bridge or street * * *.”
While Contractor may be correct on this point that the two definitions of “gross receipts” are different, it does not necessarily follow that its interpretation of the ultimate effect of subsection (d) is correct. To the contrary, the language of the subsection shows that it concerns activities subject to the sales and use taxes. Subsection (d) speaks of the “sale * * * of tangible personal property” and the “use, storage or consumption of tangible personal property,” the very activities subject to the sales and use taxes. Under this interpretation, which we adopt, subsection (d) appears to have been passed, through an abundance of caution, to clarify that only “gross receipts” received under public contracts for the construction of highways, roads, bridges or streets is subject to the contractor’s gross receipts tax. Activities on which a sales tax or use tax has been paid are excluded from the operation of the gross receipts tax.
In other words, the exclusion is directed towards “activities” of the contractor outside of the gross receipts from contracts with the state, etc., to build roads, bridges, etc., on which sales or use taxes have been paid. The Commissioner gives the following example:
“A contractor who is subject to the contractor’s gross receipts tax has an asphalt plant. The contractor uses some of his asphalt on a public road project. He also sells asphalt to another contractor. The sale of asphalt would be subject to the sales tax and the money received would be taxable gross receipts for the purpose of the sales tax and, because of Section (c), also taxable gross receipts for the purpose of the contractor’s gross receipts tax. Clearly this was not the intention of the legislature.
“Out of an abundance of caution and to clarify exactly what was meant to be included in the contractor’s ‘gross receipts’, as defined in (a), the legislature put in Section (d).
******
“Section (d) removes from the definition of gross receipts for the purpose of the contractor’s tax those activities that might have been inadvertently included by Section (c). That is to say, Section (d) makes the contractor’s tax inapplicable to the activities taxed by the sales and use taxes, thus excluding the receipts from those activities from the measure of the instant tax. By doing this the legislature made it clear that only the money, or receipts, received on contracts with the Highway Department to build public roads and bridges were to be the measure of the tax.”
To summarize, the first clause of § 40-23-50(d) is interpreted to read: “The taxes levied herein shall not apply with respect to [activities] taxe[d] by the provisions of the sales tax law, or the provisions of [the use tax law] * * *.” There is no exclusion from gross receipts for the purchase price of tangible personal property used or consumed in performing highway construction contracts.
AFFIRMED.
TORBERT, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.