The plaintiff, Curtis Wilson, acting as administrator of the estate of his deceased wife, Julia Wilson, petitions this Court for a writ of mandamus ordering the trial court to vacate its order transferring this case from Wilcox County to Dallas County. We grant the petition.
 I. Factual Background
On July 12, 1999, Julia Wilson, who at the time of her death was a resident of Wilcox County, received medical treatment at Selma Baptist Hospital in Dallas County. At some point during a surgical procedure, her esophagus was perforated. Mrs. Wilson remained hospitalized in Selma until July 15, 1999, when she was transferred to the University of Alabama Medical Center in Jefferson County, where she died on August 1, 1999.
 II. Course of Proceedings
On May 16, 2001, Curtis Wilson, as administrator of his wife's estate, filed a medical-malpractice action in the Wilcox Circuit Court. He alleges that the Dallas County defendants (the doctors and nurse-anesthetists involved in the decedent's medical care in Dallas County and other fictitiously named defendants) negligently perforated Mrs. Wilson's esophagus and negligently failed to adequately assess, monitor, diagnose, and treat Mrs. Wilson, who remained at Selma Baptist Hospital until July 15, 1999. Wilson also alleges that the Jefferson County defendants (the doctors involved in the decedent's medical care in Jefferson County and other fictitiously named defendants) were negligent in their care of Mrs. Wilson by failing to properly diagnose and treat her esophageal perforation.
Several defendants filed a motion to transfer the case to the Dallas Circuit Court on the basis of forum non conveniens. Wilson opposed that motion. All of the acts of negligence alleged by Wilson occurred in either Dallas County or Jefferson County. All of the named defendants work in either Dallas County or Jefferson County, 11 rendering medical care exclusively in Dallas County and 3 rendering medical care exclusively in Jefferson County. The medical records relating to the decedent's care in Dallas County are located exclusively in Dallas County, and the support personnel who cared for the decedent there work and/or reside in Dallas County. Selma Baptist Hospital provided evidence after the motion for a change of venue was filed indicating that approximately 20 of its employees had participated in the decedent's treatment and are potential witnesses in the case and that the majority of those 20 reside in Dallas County. The trial court granted the motion for a change of venue on March 25, 2002, and entered an order transferring the case to the Dallas Circuit Court. Wilson filed this petition for a writ of mandamus on May 3, 2002.
 III. Standard of Review
The standard for obtaining mandamus review before this Court is a high one.
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will *Page 1109 
issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998).
 "However, `a petition for a writ of mandamus is the proper means by which to challenge an order by a trial court transferring an action to another county.' Ex parte Bruner, 749 So.2d 437, 439 (Ala. 1999) (citing Ex parte AU Hotel, Ltd., 677 So.2d 1160
(Ala. 1996); and Ex parte Neely, 653 So.2d 945 (Ala. 1995)."
Ex parte Boshell, 805 So.2d 675, 676 (Ala. 2001).
 IV. Venue Under the Alabama Medical Liability Act of 1987
The proper venue for a medical-malpractice action brought pursuant to the Alabama Medical Liability Act of 1987, § 6-5-540 et seq., Ala. Code 1975 ("the Act"), is set forth at § 6-5-546, which provides:
 "In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred. If plaintiff alleges that plaintiff's injuries or plaintiff's decedent's death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff's decedent resided at the time of the act or omission if the action is one for wrongful death. If at any time prior to the commencement of the trial of the action it is shown that the plaintiff's injuries or plaintiff's decedent's death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred. For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party."
(Emphasis added.) The Act "applies to all actions against health care providers based on acts or omissions accruing after June 11, 1987, and as to such causes of action, shall supersede any inconsistent provision of law." § 6-5-552, Ala. Code 1975.
The text of § 6-5-546 clearly requires that in a wrongful-death action where the malpractice is alleged to have occurred in more than one county, "the action must be brought" in the county wherein the plaintiff's decedent resided at the time of the act or omission. (Emphasis added.) It is undisputed that this action involves alleged breaches of the standard of care occurring in more than one county. Venue for this action at the time it was filed was therefore proper only in Wilcox County, where the decedent resided at the time of her death.
Section 6-5-546 provides for the transfer of actions for the convenience of parties and witnesses, in the interest of justice, "to any other county where it might have been brought hereunder." The trial court, on the motion of the defendants seeking a transfer of the case to a different venue on grounds of convenience, transferred the action to Dallas County, one of the two counties where the acts of medical malpractice were alleged to have occurred. *Page 1110 
Wilson asserts that the trial court could not transfer the action to Dallas County without violating the plain meaning of the last sentence of § 6-5-546 permitting transfers for convenience only to a county "where it [the action] might have been brought hereunder." The trial court in its order rejected this construction of § 6-5-546:
 "Under that argument, the forum non conveniens language [in] 6-5-546 has no effect. The forum non conveniens language is placed in that statute for a reason. Under [Wilson's] analysis a medical malpractice case could never be transferred if it was initially filed in a county where the venue was proper. The Court does not agree with this analysis."
The defendants argue that if Wilson is correct, the forum non conveniens language in the last sentence of the statute has no meaning because in cases involving acts alleged to have occurred in more than one county, venue would always be in the decedent's county of residence, regardless of the convenience of parties and witnesses and the interest of justice.
Section 6-3-21.1, Ala. Code 1975, the general provision governing a change of venue for the convenience of parties and witnesses or in the interest of justice, permits transfer to "any court of general jurisdiction in which the action might have been properly filed." As previously noted, the last sentence of § 6-5-546 permits transfers for convenience only to a county "where it [the action] might have been brought hereunder," i.e., under the Act. (Emphasis added.) This limitation sets the test for venue in § 6-5-546 apart from the test as to where the action might have been brought under the general principles of venue under § 6-3-21.1. Any inconsistency in a provision of the Act with a general provision of law must be resolved in favor of the provision of the Act. § 6-5-552.
We reiterate the clear language of the second sentence of § 6-5-546:
 "If plaintiff alleges that plaintiff's injuries or plaintiff's decedent's death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff's decedent resided at the time of the act or omission if the action is one for wrongful death."
(Emphasis added.) The defendants would have us ignore this limitation on transfers for convenience only to a county where the action "might have been brought" under the Act and leave in place the trial court's transfer of the case to Dallas County.
We must take acts of the Legislature as we find them, unless an obvious error in drafting has occurred. In Ex parte Welch, 519 So.2d 517 (Ala. 1987), this Court held:
 "`A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'"
519 So.2d at 519 (quoting 2A Norman J. Singer, Sutherland Statutes andStatutory Construction § 46.06 (4th ed. 1984)). See also Guy H. JamesConstr. Co. v. Boswell, 366 So.2d 271, 273 (Ala. 1979) ("An obvious error in the language of a statute is self-correcting. State Farm AutomobileInsurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). In such an instance, the Court may substitute the correct word when it can be ascertained from the context of the act. C. Sands, 2A Sutherland *Page 1111 Statutes and Statutory Construction § 47.36 (1973).").
Before considering whether to apply the rule permitting us to substitute the correct language, we would first have to be persuaded that the provision in § 6-5-546 for transfers for convenience has absolutely no field of operation. Wilson suggests that in the event the Jefferson County defendants were dismissed in a pro tanto settlement, then the trial court, applying the provision in § 6-5-546 for transfers for convenience, could transfer the remaining action to Dallas County because that is a county where the action against only the Dallas County defendants might have been brought. We agree.
This Court has already applied the last sentence of § 6-5-546 so as to justify a transfer for convenience based upon activities occurring subsequent to the filing of the action. See Ex parte Boshell,805 So.2d at 679. In the event of the pro tanto settlement postulated by Wilson, venue would no longer be appropriate in Wilcox County because the dismissal of the settling Jefferson County defendants would result in a pending claim against only the Dallas County defendants. However, without a transfer for convenience authorized by the last sentence of § 6-5-546, the Dallas County defendants would have no right to a transfer based upon improper venue.
Rule 82(d)(2)(A), Ala.R.Civ.P., dealing with improper venue arising after the commencement of the action, provides that "[w]hen a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on notice or motion of the plaintiff," the trial court "on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone." However, Rule 82(d)(2)(A) excepts the situation where a pro tanto settlement between the plaintiff and a defendant is the basis for the plaintiff's voluntary dismissal of that defendant. In such event, "the action shall not be transferred unless the court, in its discretion, has determined that the primary purpose of the pro tanto settlement was an attempt to defeat the right to transfer that would have otherwise existed had there been a dismissal of that defendant without such settlement." Id. (emphasis added).
In those instances where the trial court could not determine that the primary purpose of the potential settlement was an attempt to defeat the right to transfer that would have otherwise existed upon the dismissal of that defendant, the provision in § 6-5-546 for transfers for convenience would have a field of operation, notwithstanding the limitation in Rule 82(d)(2)(A). The question as to the sufficiency of a showing that would be required to justify such a transfer in this hypothetical situation, particularly where the settlement takes place close to the time the trial is scheduled to begin, is not before us. Nevertheless, as Wilson suggests, upon a pro tanto settlement causing dismissal of the Jefferson County defendants from the action pending in Wilcox County, the remnant of the original action could be transferred to Dallas County pursuant to the last sentence of § 6-5-546. Upon a dismissal of the Jefferson County defendants, Dallas County would become not simply a county where the action "might have been brought," but the county where the action would have to be brought. Pursuant to the first sentence of § 6-5-546, requiring actions against a health-care provider for breach of the standard of care involving acts or omissions in a single county to be brought in the county where those acts or *Page 1112 
omissions occurred, Dallas County would become a county to which transfer is appropriate under § 6-5-546. The defendants' argument that this result is required by the third sentence of § 6-5-546, independently of the last sentence of § 6-5-546, lacks merit. The third sentence provides:
 "If at any time prior to the commencement of the trial of the action it is shown that the plaintiff's injuries or plaintiff's decedent's death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred."
A pro tanto settlement does not constitute a situation where "it is shown that the plaintiff's injuries or plaintiff's decedent's death did not result from acts or omissions which took place in more than one county."
Because the provision in § 6-5-546 for transfers for convenience has a field of operation, this Court has no authority to recognize "[a]n obvious error in the language of a statute [that] is self-correcting."Guy H. James Constr. Co., supra, 366 So.2d at 273. For this reason, we decline to rewrite the last sentence of § 6-5-546 authorizing transfers for convenience by deleting the phrase that limits such transfers to "any other county where [the action] might have been brought." We recognize that vacating the trial court's order will require the defendants to travel to a forum they might not have reasonably anticipated when they rendered medical care in Dallas County or Jefferson County. However, if we were to agree with the defendants, we would effectively have amended the last sentence of § 6-5-546 from "a court may transfer any action to any other county where it might have been brought hereunder" (emphasis added) to "a court may transfer any action to any other county where it might have been brought but for the venueprovided for herein."
The Chief Justice's dissent urges us to give "the broadest interpretation" to that portion of the fourth sentence of § 6-5-546
providing, "[f]or the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder. . . ." The dissenting opinion reads "hereunder" in that sentence to refer to all of § 6-5-546, and, thus, any county listed in § 6-5-546 is a county where an action might have been brought. However, the fourth sentence refers to a transfer of "any action," and then speaks of transfer "to any county where it [obviously, the action in which the motion is made] might have been brought hereunder." (Emphasis added.) To reach the dissenting opinion's "broadest interpretation," the reference to "it" must be treated as referring to any action that could have been filed in any county permitted under any circumstance described in § 6-5-546. Such construction is not possible without rewriting the relevant portion of the fourth sentence so as to provide that "a court may transfer any action to any county where [any medical-malpractice action] might have been brought hereunder." The dissenting opinion attempts to justify the reasonableness of its resort to "a broader interpretation" by pointing in a footnote to the use of the word "might" as opposed to "must" in the fourth sentence of § 6-5-546. However, "must" could not have been used without condemning the venue at the time of filing as improper, thereby violating the fundamental premise of all transfers for convenience — i.e., that venue is good at the time of filing, but that a transfer to a better venue is, or has become, appropriate. *Page 1113 
The dissenting opinion urges attention to the beneficent purpose of transfers for convenience as justification for its strained reading of the word "hereunder." However, the attainment of a desirable result does not give this Court a license to amend a statute. See Johnson v. Price,743 So.2d 436, 438 (Ala. 1999) ("All questions of propriety, wisdom, necessity, utility, and expediency of legislation are exclusively for the Legislature and are questions with which this Court has no concern.").
 V. Conclusion
We grant Wilson's petition for the writ of mandamus and direct the trial court to vacate its order transferring the case from Wilcox County to Dallas County.
PETITION GRANTED; WRIT ISSUED.
Houston, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., dissents.