Steve Cagle Trucking Company ("SCT") petitions this court for a writ of mandamus ordering the trial court to vacate an order compelling SCT to provide Mark Cagle with medical treatment. We grant the petition and issue the writ.
On April 25, 2005, Cagle injured his back in an accident while working for SCT. Shortly thereafter, SCT authorized Dr. John Gauthier to provide medical treatment to Cagle, and Dr. Gauthier began treating Cagle for lower-back pain. Dr. Gauthier eventually referred Cagle to Dr. Rhett Murray, a spinal surgeon. In July 2005, Dr. Murray gave Cagle a steroid injection in his back. Dr. Murray subsequently referred Cagle to a Dr. Scherlis, a physician with Tennessee Valley Pain Consultants, for "facet blocks[,] evaluation[,] and further treatment." At the same time, Dr. Murray also returned Cagle back to Dr. Gauthier "for further conservative care."
In October 2005, Dr. John Roberts, a physician with Tennessee Valley Pain Consultants, gave Cagle a series of injections in his back. Cagle subsequently returned for treatment with Dr. Gauthier. Upon treating Cagle on November 17, 2005, Dr. Gauthier concluded that Cagle suffered from chronic lower-back pain "secondary to degenerative joint disease." Dr. Gauthier further concluded that Cagle's lower-back condition was "degenerative and not caused or aggravated by work." SCT ceased paying for medical treatment for Cagle shortly thereafter.
On June 13, 2007, Cagle sued SCT, seeking workers' compensation benefits pursuant to the Alabama Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975. The complaint alleged that SCT had paid workers' compensation benefits following Cagle's accident but that SCT had ceased paying benefits on November 23, 2005. The complaint alleged that Dr. Roberts is an authorized treating physician of Cagle. The complaint also alleged that Cagle had requested further pain-management treatment from Dr. Roberts but that SCT had refused to pay for the treatment. Cagle's complaint sought, among other things, a "pendente lite hearing to determine if Dr. John Roberts is [Cagle's] authorized treating physician."
SCT answered, admitting that Cagle had sustained a back injury as a result of an accident at work. However, SCT asserted that Cagle's work-related injury had resolved and that Cagle had "returned to his `baseline'" condition according to Dr. Gauthier and Dr. Murray, whom SCT asserted were Cagle's only authorized treating physicians. SCT admitted that Dr. Roberts had been authorized for a one-time treatment of Cagle, but it asserted that Dr. Gauthier and Dr. Murray had not authorized further treatment by Dr. Roberts. SCT admitted that it had refused to pay for any additional treatment by Dr. Roberts. SCT further admitted that it had paid Cagle temporary-total-disability payments through November 23, 2005.
On July 13, 2007, the trial court held a hearing on Cagle's motion for "pendente lite" relief. SCT, which claims that it did not receive notice of the hearing, was not represented at the hearing. On July 20, 2007, the trial court entered an order finding that Dr. Roberts is an authorized treating physician of Cagle. The trial court ordered SCT "to authorize such treatment as Dr. Roberts deems necessary for pain relief and to "pay for all such treatment recommended by Dr. John Roberts and rendered to [Cagle]." The relief granted by the order indicates that the trial court treated Cagle's motion as one seeking to compel SCT to provide Cagle with medical treatment. The trial court *Page 562 
based its order on a review of the medical records of Dr. Gauthier, Dr. Murray, and Dr. Roberts, which were submitted by Cagle. In its order, the trial court essentially found that Dr. Gauthier did not have a valid basis to conclude that Cagle's current back injury is not work related.
On August 31, 2007, SCT petitioned this court for a writ of mandamus, seeking to have the trial court's order vacated. Section 12-3-10, Ala. Code 1975, gives this court appellate jurisdiction to issue extraordinary writs in workers' compensation cases. Ex parte Alabama Power Co.,863 So.2d 1099, 1101 (Ala.Civ.App. 2003).
 "`A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252
(Ala. 1991).'"
Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala. 2002) (quoting Ex parte Empire Fire Marine Ins. Co.,720 So.2d 893, 894 (Ala. 1998)).
SCT argues that the trial court exceeded its discretion in entering an order compelling SCT to pay for medical treatment provided by Dr. Roberts to Cagle. SCT contends that this case is governed by Ex parte Publix Super Markets, Inc.,963 So.2d 654 (Ala.Civ.App. 2007). In Ex parte Publix, an employee sued her employer for workers' compensation benefits, alleging that she had injured her back in an accident at work. Id. at 656. The employee attached to her complaint medical records indicating that she had been treated for back pain following her alleged accident. Id.
at 657. The employer answered, denying the material allegations of the complaint. Id. After filing her complaint, the employee filed a "Motion to Compel Medical Treatment." In that motion, the employee "requested that the court enter an order compelling the employer to provide her with medical and surgical treatment pursuant to the Act." Id. The trial court held a hearing on the motion to compel medical treatment, at which neither party submitted any evidence. The trial court subsequently granted the employee's motion, and the employer petitioned this court for a writ of mandamus, seeking to have the trial court's order vacated. Id.
In vacating the trial court's order, this court stated:
 "Section 25-5-77(a), Ala. Code 1975, provides that
 "`the employer, where applicable, . . . shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary medical and surgical treatment and attention . . . as the result of an accident arising out of and in the course of the employment, as may be obtained by the injured employee. . . .'
 "Standing alone, this subsection mandates that employers shall be financially responsible, subject to certain cost limitations, for the medical and surgical treatment obtained by an employee due to injuries received in an accident arising out of and in the course of the employee's employment. See, e.g., Gold Kist, Inc. v. Crouch, 671 So.2d 695
(Ala.Civ.App. 1995). By implication, an employer would not be financially responsible *Page 563 
for medical and surgical treatment obtained by an employee for conditions unrelated to an accident arising out of and in the course of the employee's employment. See, e.g., Boyd v. M. Kimerling Sons, Inc., 628 So.2d 711 (Ala.Civ.App. 1993).
 "In case of a dispute as to the necessity of medical or surgical treatment, § 25-5-77(a), Ala. Code 1975, provides that the circuit court having jurisdiction over the compensation claim of the employee shall determine the controversy. The power of the trial court to determine the `necessity' of medical or surgical treatment naturally includes the power to determine whether the treatment is necessary due to injuries arising out of and in the course of the employee's employment or whether the treatment is necessitated by conditions unrelated to the employee's employment.
 "Section 25-5-77 does not address the procedure to decide a dispute over the necessity of medical benefits. Section 25-5-88, Ala. Code 1975, however, states that either party to a controversy brought under the article of the Act providing for medical benefits may file a verified complaint in the circuit court that would have jurisdiction of an action between the same parties arising in tort; once the opposing party has been properly served, `said action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible.' That section further provides: `At the hearing . . . the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury . . . shall decide the controversy.' Id.
 "Pursuant to § 25-5-88, a controversy regarding the employer's obligation to pay for medical or surgical treatment obtained by an employee, just like any other controversy arising under the Act, is governed by the Alabama Rules of Civil Procedure, unless the Act provides some other procedure. See, e.g., Ex parte Vance, 900 So.2d 394, 398 n. 7 (Ala. 2004); and Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479 (Ala.Civ.App. 1997). We have not found, and the employee has not directed our attention to, any part of the Act that authorizes a circuit court with jurisdiction over a controversy regarding the necessity of medical benefits to decide, on a motion of the employee filed before a trial and a determination on the merits, that the employer is compelled to provide medical or surgical treatment to the employee. Likewise, our research has not revealed, and the employee has not cited, any cases interpreting the Act as authorizing such a procedure. Hence, we turn to the Alabama Rules of Civil Procedure.
 ". . . In this case, the employee filed a motion with the court seeking an order requiring the employer to pay medical benefits pursuant to the Act. That motion may only be construed as a motion for a judgment on the merits that the employee was entitled to such benefits.
 "The Alabama Rules of Civil Procedure recognize two forms of pretrial motions for a judgment. Rule 12(c), Ala. R. Civ. P., authorizes a party to file a motion for a judgment on the pleadings. A trial court may enter a judgment on such a motion when the allegations in the complaint and the averments in the answer show that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Universal Underwriters Ins. Co. v. *Page 564 Thompson, 776 So.2d 81 (Ala. 2000). Rule 56, Ala. R. Civ. P., authorizes a party to file a motion for a summary judgment. A trial court may enter a judgment on such a motion when the pleadings and other evidentiary material show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.
 "Our review of the record leads us to conclude that the trial court did not rely on either of those rules. . . .
 ". . . .
 "As stated by the employer in its briefs, it appears that the trial court deviated from the procedure established in the Act and the Alabama Rules of Civil Procedure by deciding a disputed issue of coverage based on a motion filed by the employee containing only a mere allegation that she had sustained a work-related accident that caused injuries requiring medical and surgical treatment. While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that the employee requires medical treatment because of a work-related injury. The employee bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. Boyd, supra. . . .
 "Because neither the language of the Act nor the Alabama Rules of Civil Procedure authorize the procedure used by the trial court to decide the employer's obligation to provide medical benefits to the employee, we grant the petition for a writ of mandamus."
963 So.2d at 658-61.
SCT acknowledges that Cagle had previously sustained an injury caused by his accident at work on April 25, 2005. However, based on Dr. Gauthier's conclusions, SCT now maintains that Cagle's previous work-related injury has resolved and that any current lower-back injury is unrelated to Cagle's employment. Therefore, SCT, similar to the employer in Ex partePublix, disputes whether Cagle currently suffers from a compensable injury.
"An evidentiary hearing to resolve a dispute over compensability and the payment of medical benefits is anticipated in § 25-5-77(a)." Ex parte Publix,963 So.2d at 662 (Thompson, P.J., concurring in the result). Like the trial court in Ex parte Publix, the trial court in this case, on Cagle's motion, compelled SCT to pay for Cagle's medical treatment before a trial determining whether Cagle suffers from a compensable injury. However, the Act does not authorize the trial court to compel payment for medical treatment in this manner. Id. at 659. Accordingly, the trial court erred in entering the order compelling SCT to pay for medical treatment provided by Dr. Roberts to Cagle.
Further, Cagle's motion to compel treatment could not be considered by the trial court as a motion for a judgment on the pleadings or as a motion for a summary judgment. Rule 12(c), Ala. R. Civ. P., provides that a motion for a judgment on the pleadings is to be made after the pleadings are closed,i.e., after the defendant has filed an answer.Pontius v. State Farm Mut. Auto. Ins. Co.,915 So.2d 557, 562 (Ala. 2005). In this case, Cagle's motion was filed before the pleadings were closed. A motion for a summary judgment may not be filed until "after the expiration of thirty (30) days from the commencement *Page 565 
of the action or after service of a motion for summary judgment by the adverse party." Rule 56(a), Ala. R. Civ. P. Therefore, Cagle's motion could not have been considered a motion for a summary judgment.
Accordingly, we grant the petition for a writ of mandamus and issue the writ directing the trial court to vacate its July 20, 2007, order. This holding pretermits discussion of the issue raised by SCT regarding whether it received notice of the July 13, 2007, hearing.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.