THOMPSON, Presiding Judge.
*303 In this workers' compensation action, Sears Roebuck and Co. ("Sears") petitions this court for a writ of mandamus directing the Jefferson Circuit Court ("the trial court") to vacate its order compelling Sears to approve certain medical treatment for its former employee Jeffrey Donaldson.[1] The medical treatment at issue had been prescribed by Donaldson's authorized treating physician. However, Sears argued to the trial court that it disputed whether Donaldson's injuries were compensable under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. Accordingly, Sears said, the trial court could not properly order it to provide the medical treatment at issue without first holding an evidentiary hearing in accordance with Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala. Civ. App. 2007).
The materials submitted to this court in support of Sears's petition for the writ of mandamus indicate the following. On August 16, 2017, Donaldson filed a complaint against Sears in the Bessemer division of the trial court. In his complaint, Donaldson alleged that, on or about January 19, 2016, he injured his back while repairing an air-ventilation unit during the course of his employment with Sears. As a result of his injuries, Donaldson sought temporary and permanent disability benefits, vocational benefits, medical benefits, and reimbursement for medical expenses related to the alleged on-the-job injury.
On September 19, 2017, Sears moved to dismiss the action or to transfer it to the Birmingham division of the trial court on the ground that the injury occurred within the geographical limits of the Birmingham division. On December 11, 2017, the motion to transfer was granted, and the action was transferred to the Birmingham division.
On January 19, 2018, Donaldson filed a motion to compel Sears to provide medical treatment recommended by his authorized treating physician, Dr. Resit Cezaryirli. In the motion, Donaldson stated that Dr. Cezaryirli had performed spinal surgery on him in November 2016. Donaldson said that he had continued to suffer "severe radiating pain and numbness" in his lower back and lower extremities, so, in December 2017, Dr. Cezaryirli had prescribed further diagnostic testing and an "LSO brace" to relieve Donaldson's symptoms. No exhibits were attached to the motion to compel.
On February 5, 2018, the trial court set a hearing on Donaldson's motion to compel for February 26, 2018. On February 21, 2018, Sears answered Donaldson's complaint. In its answer, Sears acknowledged that it had provided workers' compensation benefits to Donaldson after he made his claim. However, Sears continued, those "benefits were provided in compliance with Alabama Code § 25-5-56, and [were] not to be construed as an admission of liability as said benefits were provided 'without prejudice.' "[2] Sears further denied the *304 compensability of Donaldson's injury. As defenses, among others, Sears denied that Donaldson had sustained a compensable injury that arose out of and occurred during the course of his employment and asserted that, to the extent Donaldson was disabled, that disability was caused by a preexisting or subsequent injury or condition for which Sears was not responsible.
On February 23, 2018, Sears filed an opposition to Donaldson's motion to compel arguing, among other things, that, because compensability was disputed, the trial court was required to hold an evidentiary hearing on the issue of compensability as required by Ex parte Publix, supra, before it could order Sears to provide the treatment Dr. Cezaryirli was recommending. Sears also pointed out that there were other issues to be considered, such as a possible preexisting disability and lack of causation, that had to be determined before it could be ordered to pay the expenses Donaldson was requesting. In opposing the motion to compel, Sears pointed out that it was entitled to 60 days in which to conduct discovery on the issue of compensability. Therefore, Sears suggested that the trial court set a compensability hearing for no sooner than 60 days later, "at which time the parties will present evidence regarding the compensability of [Donaldson's] claim."
After hearing arguments of the parties on February 26, 2018, as scheduled, but without receiving any evidence at that hearing, the trial court granted the motion to compel on March 5, 2018, and ordered Sears to approve the treatment that Dr. Cezaryirli had recommended. On April 3, 2018, Sears filed in this court a presumptively timely petition for a writ of mandamus. See Rule 21(a)(3), Ala. R. App. P.
" ' "A writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991)." '
" Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala. 2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998) ). Section 12-3-10, Ala. Code 1975, grants this court appellate jurisdiction to issue extraordinary writs in workers' compensation cases. Ex parte Alabama Power Co., 863 So.2d 1099, 1101 (Ala. Civ. App. 2003)."
Ex parte Sunbelt Transp., Inc., 23 So.3d 1138, 1140 (Ala. Civ. App. 2009).
The issue Sears presents in its petition has been decided in previous opinions issued by this court, and the applicable law is now well settled. In Ex parte Steve Cagle Trucking Co., 989 So.2d 560, 564 (Ala. Civ. App. 2008), this court held that a trial court erred in failing to hold an evidentiary hearing on the issue of compensability before ordering the employer to pay for medical treatment for the alleged injury. This court wrote:
" 'An evidentiary hearing to resolve a dispute over compensability and the payment of medical benefits is anticipated in § 25-5-77(a)[, Ala. Code 1975].'
*305 Ex parte Publix [Super Markets, Inc.], 963 So.2d [654] at 662 [ (Ala. Civ. App. 2007) ] (Thompson, P.J., concurring in the result). Like the trial court in Ex parte Publix, the trial court in this case, on Cagle's motion, compelled SCT to pay for Cagle's medical treatment before a trial determining whether Cagle suffers from a compensable injury. However, the [Workers' Compensation] Act does not authorize the trial court to compel payment for medical treatment in this manner. Id. at 659. Accordingly, the trial court erred in entering the order compelling SCT to pay for medical treatment provided by Dr. Roberts to Cagle."
989 So.2d at 564.
Because the trial court in this case did not hold an evidentiary hearing on the issue of compensability, the order compelling Sears to pay for Donaldson's medical treatment is improper and due to be vacated.
In opposing Sears's petition for a writ of mandamus, Donaldson contends that Sears's response to his motion to compel was untimely. Specifically, he argues that Sears's opposition to his motion to compel was itself a motion and that, because it was filed only three days before the hearing rather than the five days required by Rule 6(d), Ala. R. Civ. P., it must be stricken. In making his argument, Donaldson casts Sears's response to his motion to compel as a motion for a hearing on compensability. Admittedly, in opposing the motion to compel, one of the grounds Sears asserted was that Donaldson's motion could not properly be granted until an evidentiary hearing was held on the issue of compensability. Sears then requested that the trial court schedule such a hearing not less than 60 days from the date Sears's response to Donaldson's motion to compel was filed so that discovery could be completed. However, the document Sears filed with the trial court three days before the hearing was clearly intended as a response opposing Donaldson's motion to compel.
Rule 6(d), Ala. R. Civ. P., which Donaldson relies on to say that Sears's response was untimely, provides:
"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five (5) days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court.... When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), [Ala. R. Civ. P.,] opposing affidavits may be served not later than one (1) day before the hearing, unless the court permits them to be served at some other time."
Donaldson cites, and this court's research has revealed, no authority for the proposition that written opposition to a motion to compel must be filed five days before the hearing on the motion to compel. Accordingly, we find Donaldson's argument to be without merit.
Because the trial court failed to hold an evidentiary hearing on the issue of compensability, its order directing Sears to approve medical treatment must be vacated. Accordingly, we grant the petition for a writ of mandamus and direct the trial court to vacate its order of March 5, 2018.
PETITION GRANTED; WRIT ISSUED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Donaldson originally named Sears Holding Corp. as the defendant in this case. On September 26, 2017, Donaldson filed an amended complaint in which he substituted "Sears Roebuck and Co." as the defendant. In its answer, Sears did not indicate that the wrong corporate entity had been named as the defendant. In its mandamus petition, Sears states that Donaldson "was employed by Defendant Sears, Inc."

In pertinent part, Ala. Code 1975, § 25-5-56, provides:
"All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of compensation. In order to encourage advance payments, it is expressly provided that the payments shall not be construed as an admission of liability but shall be without prejudice."