445 So.2d 902 (1984)
Harriet S. CROWLEY, Executrix of the Last Will and Testament of Vassie A. Smith, Deceased
v.
S.E. BASS and Mary Kathleen Bass.
82-198.
Supreme Court of Alabama.
January 27, 1984.
Jack W. Smith of Smith & Smith, Dothan, for appellant.
James W. Kelly of Kelly, Knowles & Lee, Geneva, for appellees.

ON APPLICATION FOR REHEARING
PER CURIAM.
After further consideration of this case by the entire Court, the original opinion is *903 withdrawn and the following is entered as the opinion of the Court.
This case involves an action filed by Harriet S. Crowley, executrix, to quiet title to real property owned and possessed by the decedent at the time of her death. The case was submitted on the pleadings and oral testimony before the court without a jury. The trial court entered a judgment which held that the instrument in question created an option which was "... not unenforceable pursuant to Section 35-4-76, Code of Alabama (1975)," and which was binding on the executrix and heirs of Vassie A. Smith.
Vassie Smith executed an instrument styled "Option to Purchase Property," granting S.E. and Mary Kathleen Bass the right to purchase the real estate upon which Smith's home was situated. The instrument provided that for a period of one year following Smith's death the Basses were to have the unqualified option of purchasing the property described in the instrument for the sum of $10,000 and that Smith, her successors, heirs, executors, and assigns would be bound to carry out its terms. The parties in the instrument did not provide for any benefit to pass from the Basses to Smith to support her promise to sell the property.
On January 24, 1981, Vassie Smith died testate, and her will was duly probated. Letters testamentary were issued to Harriet S. Crowley, her granddaughter. In June of 1981, Crowley was advised that the Basses had elected to exercise the right granted in that "option" instrument executed by her grandmother, which instrument had been executed separately from her will.
Crowley filed her complaint against the Basses under the provisions of Code 1975, § 6-6-540, to quiet title to the property in dispute. She alleged that any instrument under which defendants might claim an interest in or title to the disputed property created no such interest or title because: such purported instrument had been rescinded by defendants; the purported option was testamentary in nature and did not satisfy the statutory requirements for a will; and "said instrument or instruments were not according to the requirements of the law and were in fact ilegally [sic] signed." The Basses answered, asserting the validity of the option and alleging that they had exercised it within the time limitation specified and that they were ready, willing, and able to comply with its terms.
An option to purchase land is neither a sale nor an agreement to sell. "It is simply a contract by which the owner of property agrees with another that he shall have the right to buy the property at a fixed price within a certain time." Holk v. Snider, 294 Ala. 318, 321, 316 So.2d 675, 677 (1975). In such a contract two elements exist: "[F]irst, the offer to sell which does not become a contract until accepted and, second, the completed contract to leave the offer open for a specified time." McGuire v. Andre, 259 Ala. 109, 114, 65 So.2d 185, 189-90 (1953).
"A binding option contract requires a valuable consideration." 8A J. Grimes, Thompson on Real Property § 4443, at 261 (1963). An option must be supported by some consideration to render it more than an offer revocable before acceptance. Bethea v. McCullough, 195 Ala. 480, 488, 70 So. 680, 683 (1916). The amount of the consideration is generally immaterial, but if an option is not supported by consideration, the offer is a mere gratuity which may be withdrawn at any time before acceptance. 8A J. Grimes, supra, § 4443, at 262-63.
The instrument in the present case provided that the defendants were to have the unqualified right of purchasing the property for the period of one year following Smith's death. The death of an optionor before the exercise of the option causes the option to lapse if the option is unsupported by consideration. Cowin v. Salmon, 244 Ala. 285, 293, 13 So.2d 190, 197 (1943). An option does not lapse at the death of the optionor if it is supported by a valuable consideration, even though it has not been exercised. The option executed by Smith, by its own terms, could not be *904 exercised before her death, and it would be unenforceable against her estate in the absence of a valuable consideration.
While the trial court did not make a specific determination as to the issue of consideration, both parties present that issue in their briefs to this Court. Appellees assert that an option to purchase land will not fail for lack of consideration, because, they say, it comes within the purview of Code 1975, § 35-4-34. Section 35-4-34 provides:
"No deed or other conveyance creating or transferring any interest in land shall be invalid or ineffective because of the fact that it does not recite a good or valuable consideration or no such consideration exists or is given; provided that this section shall in no way affect any equitable rights or remedies of the parties to the deed or other conveyance."
An option to purchase property does not fall within the intended area of operation of § 35-4-34. "In the absence of a manifested legislative intent to the contrary, or other overriding evidence of a different meaning, legal terms in a statute are presumed to have been used in their legal sense." 2A D. Sands, Sutherland Statutory Construction § 47.30 (4th ed. 1973) (footnotes omitted). "Deed" and "conveyance" in their most common legal usage refer to a transfer of title to land from one person to another. Black's Law Dictionary 301, 373 (5th ed. 1979). An option to purchase property does not transfer title to land, Shaffer v. Reed, 437 So.2d 98, 99 (Ala.1983), and does not come within the commonly used legal meaning of "deed" or "conveyance."
It is a well established rule of statutory interpretation that the law favors rational and sensible construction, and statutes that can be interpreted to change longstanding principles of the common law are strictly construed. 2A D. Sands, Sutherland Statutory Construction § 45.12 (4th ed. 1973). We do not believe the Legislature, in approving § 35-4-34, could have intended to abolish the long established requirement of consideration in contracts or options for the purchase of land. An option to purchase land does not come within the purview of § 35-4-34.
As mentioned earlier in this opinion, the trial court found the option binding on the estate of Vassie A. Smith, without a specific determination as to the issue of consideration. The judgment is reversed, and the case is remanded to allow the trial court to entertain the issue of consideration in light of this opinion.
REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., dissents.
EMBRY, Justice (dissenting).

I.
The parties agree that Crowley's action is a statutory one to quiet title. The allegations of her complaint acknowledge that the Basses claimed title or the right to title because of the option given them by Smith during her lifetime. Regarding the question of lack of consideration, not litigated below and permissibly raised here for the first time, in my view the Basses correctly contend that the provisions of § 35-4-34, Code 1975, dispel any doubt about that contention. Section 35-4-34 provides:
"No deed or other conveyance creating or transferring any interest in land shall be invalid or ineffective because of the fact that it does not recite a good or valuable consideration or no such consideration exists or is given; provided that this section shall in no way affect any equitable rights or remedies of the parties to the deed or other conveyance."

II.
The option states, with regard to the exercise of it:
"1. The owner does hereby give and grant unto S.E. Bass and Mary Kathleen *905 Bass an option to purchase the above described property for the sum of $10,000.00 upon her death and this option shall be binding for a period of one year following her death during which time the said purchasers shall have the unqualified option of purchasing the above described property for the said sum of $10,000.00, and at the option of the purchaser, he may pay cash for the property or acquire a deed to the property from the Executor and execute a real estate mortgage and security note to pay for the property over a ten year period in monthly installments with interest at 5% per annum."
The option was effective from the date of the execution thereof up to a period of one year following the death of Smith, or for a duration of seven years; thus satisfying the requirements of § 35-4-76(a), Code 1975:
"(a) No option to purchase any interest in land, other than an option limited in favor of a lessee and exercisable at a time not later than the end of the term of a lease or any extension or renewal thereof, or an option to repurchase reserved by the grantor in a deed, shall be valid or enforceable for a period of more than 20 years. If any such option may, by the terms of the instrument creating it, continue to exist for longer than 20 years, it shall terminate and cease to be enforceable 20 years after the time of its creation. Where the instrument creating any such option shall place no limit upon the duration of the option or otherwise state the terms controlling the duration of the option, the option shall cease to be enforceable two years after the time of its creation. This section shall not apply to options created prior to January 31, 1972." (Emphasis added.)
Although the option was capable of running for more than twenty years, it did not in fact. It was effectively exercised during its stated duration and was enforceable.

III.
I agree with the Basses' contention that the exercise of the valid and enforceable option executed in a manner sufficient to comply with the laws regarding conveyances of real estate is a claim of title to or interest in real property and is not a claim for payment of a debt, services rendered, or other claims governed by the Statute of Nonclaim: § 43-2-350, Code 1975. Analogous to the exercised valid option case are those situations in which this court has held it not necessary to file a claim against the decedent's estate in order to preserve a specific lien upon a decedent's property. For example, in Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983), where the deceased owner of real estate had intended to convey the property inter vivos to his daughters and their husbands and they had performed valuable services for the deceased as consideration for the anticipated transfer and in reliance thereon, as well as prepared the deeds for the decedent's signature, this court found that the daughters and their husbands were vested with equitable title to the property in question. See also Traweek v. Hagler, 199 Ala. 664, 75 So. 152 (1917); Rives v. Cabel, 213 Ala. 206, 104 So. 420 (1925). These cases have not been overruled or modified. Also analogous is the right of redemption after foreclosure of a mortgage, again not required to be filed as a claim against the estate.
Accordingly, I would affirm the judgment below.