Montgomery Elevator Company, Incorporated (Montgomery Elevator), filed a declaratory judgment action on February 5, 1992, in the Circuit Court of Mobile County, seeking a determination as to whether the injury of its employee, Joel Pinkney, is compensable under the Alabama Workmen's Compensation Act. Montgomery Elevator's complaint urged the Mobile Circuit Court to take jurisdiction over the claim. Pinkney filed a motion to dismiss the action for lack of jurisdiction, alleging that the Alabama Workmen's Compensation Act was not applicable to the injury he sustained while working for Montgomery Elevator in Florida. The trial court entered an order granting Pinkney's motion to dismiss, and Montgomery Elevator appeals.
The record reveals that Montgomery Elevator is a foreign corporation with an office in Mobile, Alabama. Pinkney was employed by Montgomery Elevator as a "helper," installing and repairing elevators from approximately September 14, 1987, until he was injured on May 21, 1990. Pinkney is a lifelong resident of Florida and has worked for Montgomery Elevator for approximately three years at five different job sites in Florida. Pinkney's only work for Montgomery Elevator in Alabama was in 1989, for five or six months on a state office building located in Montgomery, Alabama. While working in Alabama, Pinkney stayed in a hotel and remained domiciled in Florida.
At the time of the trial court's order, there was a claim for compensation for the injury at issue in this case pending before the Florida Workmen's Compensation Commission. After an intermediate hearing in the Florida court, the judge of compensation claims entered an order dated December 14, 1992, holding that Pinkney was entitled to Florida workmen's compensation benefits from March 23 to July 12, 1992. The Florida court reserved jurisdiction for further proceedings to be held at a later date.
The dispositive issue on appeal is whether the trial court in Mobile County abused its discretion in dismissing Montgomery Elevator's complaint utilizing the doctrine of forum non conveniens. Ala. Code 1975, § 6-3-21.1. Montgomery Elevator contends that the choice of Alabama as a forum is convenient and appropriate in that: they maintain an office in Mobile, the injury was reported to the State of Alabama and payments were made to Pinkney by Montgomery Elevator. They also argue that Pinkney has had Alabama income tax withheld and that he has submitted income tax returns to Alabama.
The doctrine of forum non conveniens was adopted in Alabama and codified at Ala. Code 1975, § 6-3-21.1. The doctrine is applicable only when the action is commenced in a county in which venue is appropriate. Venue in a workmen's compensation case is the same as in a tort action. Ala. Code 1975, §25-5-81(a)(1).
Regarding the proper venue as to Montgomery Elevator, a foreign corporation, we note the following:
 "Venue as to foreign corporations was the subject of Amendment 473 (proclaimed ratified April 1, 1988), which amended Article XII, § 232 of the Alabama Constitution of 1901. In pertinent part, that amendment provides: 'Any foreign corporation . . . may be sued only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation.' "
Ex parte Townsend, 589 So.2d 711, 713 (Ala. 1991).
Amendment 473 to the Alabama Constitution makes venue the same for domestic and foreign corporations. Therefore, all actions for personal injuries against a domestic or foreign corporation must be commenced in the county where the injury occurred or in the county where the plaintiff resides if the corporation does business by agent in the county where the plaintiff resides. Ex parte W.S. Newell Inc., 569 So.2d 725
(Ala. 1990).
Furthermore, Ala. Code 1975, § 6-5-430 concerning foreign causes of actions provides:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction *Page 769 of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state;
provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state. . . ."
(Emphasis added.) The above section of the Code gives courts in Alabama the right to decide contract or tort actions, which arise outside the state against any person or corporation in any county where jurisdiction over the defendant can be legally obtained. Ex parte Southern RailwayCo., 556 So.2d 1082 (Ala. 1989).
Under the constitution and the statutes of this state, Florida is the only place where jurisdiction can be obtained. The only proper venue in this case would be where the injury occurred, Florida. Venue was improper in Mobile County, Alabama.
Because venue was improper in Mobile County, the doctrine of forum non conveniens has no application in this case. The appropriate forum for this case is Florida. The trial court's decision to dismiss the action on the basis of forum non conveniens is improper. However, a correct decision will not be disturbed even if the court gives the wrong reason.Davison v. Lowery, 526 So.2d 2 (Ala. 1988).
As stated earlier, Pinkney resides in Florida, worked in Florida, was injured in Florida, and has never worked in Mobile County, Alabama. Also, Pinkney has never been to Montgomery Elevator's office in Mobile. Accordingly, as Pinkney argued in his motion to dismiss, the trial court in Mobile County simply lacked jurisdiction over this case. Since the decision of the trial court was correct in dismissing Montgomery Elevator's action, we affirm.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.