978 So.2d 12 (2007)
Ex parte MILLER, HAMILTON, SNIDER & ODOM, LLC, et al.
(In re Bryan A. Corr, Sr., et al.
v.
Miller, Hamilton, Snider & Odom, LLC, et al.).
No. 1060479.
Supreme Court of Alabama.
June 1, 2007.
Rehearing Denied August 24, 2007.
*13 Robert M. Girardeau and Jeffrey N. Windham of Huie, Fernambucq & Stewart, LLP, Birmingham, for petitioners.
David O. Upshaw and J. Christopher Miller of Ogle, Liles & Upshaw, LLP, Birmingham, for respondents.
WOODALL, Justice.
Miller, Hamilton, Snider & Odom, LLC ("the law firm"), and three of its attorneys, Ben H. Harris III, John C.H. Miller, Jr., and Giles G. Perkins, the defendants in an action pending in the Baldwin Circuit Court, petition for a writ of mandamus directing the circuit court to vacate its order transferring the action to the Jefferson Circuit Court. We grant the petition and issue the writ.
On March 18, 2005, the law firm and Harris, Miller, and Perkins were sued in the Blount Circuit Court by Bryan A. Corr, Sr.; Doris Corr, individually and as the executrix of the estate of R.C. Corr, Jr., deceased; Tina M. Corr; and Corr, Inc. (collectively "the Corrs"). The law firm and its attorneys filed a motion to transfer the Corrs' action to the Baldwin Circuit Court. The trial court denied their motion to transfer, and they petitioned this Court for a writ of mandamus.
This Court held that venue was not proper in Blount County. Therefore, we granted the petition for the writ of mandamus and directed the Blount Circuit Court to vacate its order denying the defendants' motion to transfer and to enter an order transferring the action to the Baldwin Circuit Court. Ex parte Miller, Hamilton, Snider & Odom, LLC, 942 So.2d 334 (Ala. 2006).
After the case was transferred to, and docketed by, the Baldwin Circuit Court, the Corrs filed a motion to transfer the action to the Jefferson Circuit Court based on the doctrine of forum non conveniens, codified at § 6-3-21.1, Ala.Code 1975. The trial court, over the defendants' objections, granted the Corrs' motion and ordered that the case be transferred to the Jefferson Circuit Court. The law firm and Miller, Harris, and Perkins timely filed this petition for a writ of mandamus. Pending this Court's review of this mandamus petition, the case file has not been sent to, or docketed by, the Jefferson Circuit Court.
A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another *14 county. Ex parte Wilson, 854 So.2d 1106, 1109 (Ala.2002). "`[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.'" Ex parte Leasecomm Corp., 886 So.2d 58, 62 (Ala.2003)(quoting Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala. 2001)). The law firm and its attorneys have demonstrated a clear entitlement to the relief they seek.
The doctrine of forum non conveniens is applicable only "[w]ith respect to civil actions filed in an appropriate venue." § 6-3-21.1(a) (emphasis added). This statutory language is consistent with "the fundamental premise of all transfers for conveniencei.e., that venue is good at the time of filing, but that a transfer to a better venue is, or has become, appropriate." Ex parte Wilson, 854 So.2d at 1112 (emphasis added). Consequently, as this Court has stated, the doctrine of forum non conveniens, as codified at § 6-3-21.1, "has a field of operation only where an action is commenced in a county in which venue is appropriate." Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995). See also Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991); Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App.1993).
The Corrs chose to commence their action in the Blount Circuit Court, an improper venue. Consequently, their case was transferred to the Baldwin Circuit Court, where it must remain, because the doctrine of forum non conveniens is inapplicable. Therefore, we grant the petition for the writ of mandamus and direct the Baldwin Circuit Court to vacate its order transferring the action to the Jefferson Circuit Court.[1]
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., dissents.
MURDOCK, Justice (dissenting).
Based on the language of the specific statutory provision at issue; the stated purpose and object of that statutory provision and the conditions to which it may apply; and the need to avoid unnecessary conflict with, and indeed to harmonize that provision with, other statutory provisions and rules, I must read § 6-3-21.1(a), Ala. Code 1975, as generally extending to plaintiffs and defendants alike the right to seek a transfer of an action from one proper venue to another, even when the action was initially filed in an improper venue. Further, this interpretation of § 6-3-21.1 is consistent with the rule that obtains in most other jurisdictions.
"A statute should be construed not only in light of its language, but also in light of its purpose, its object, its relation to other laws, and the conditions that may arise under its provisions." Ex parte Edwards, 816 So.2d 98, 106 (Ala.2001). Furthermore, "[i]t is a well established rule of statutory interpretation that the law favors rational and sensible construction. . . ." Crowley v. Bass, 445 So.2d 902, 904 (Ala. 1984).
The "purpose" or "object" of § 6-3-21.1 is to provide for the transfer of an action from one forum to another "in the interest of justice," and particularly where to do so *15 would serve the "convenience of the parties and witnesses." If the legislature has made a policy decision that the just and economical outcome of legal actions is to be pursued in this manner, I am not inclined to interpret the statute the legislature enacted for this purpose as applying to only one class of litigants, thereby only partially achieving the stated goal, especially where the language of the statutory provision does not call for such an interpretation.
By its terms, § 6-3-21.1(a) is not limited to either "plaintiffs or defendants" in providing the right to seek a change of venue. In this regard, § 6-3-21.1(a) contrasts with the immediately preceding section of the Code, in which the legislature demonstrated its willingness and ability to provide such a right only to "defendants" when that is what it intended. See § 6-3-21, Ala.Code 1975 (addressing the right of "defendants" to move for a change of venue under certain circumstances).
In addition to being called upon to construe a statute in accordance with the purpose and object of the statute, we are to "`consider the statute as a whole and . . . construe the statute reasonably so as to harmonize [the statute's own] provisions.'" Proctor v. Riley, 903 So.2d 786, 789 (Ala. 2004) (quoting McRae v. Security Pac. Hous. Servs., Inc., 628 So.2d 429, 432 (Ala. 1993)). Furthermore, it is well settled that separate "statutes must be construed in pari materia in light of their application to the same general subject matter. . . . Our obligation is to construe provisions `in favor of each other to form a harmonious plan,' if it is possible to do so." Opinion of the Justices No. 334, 599 So.2d 1166, 1168 (Ala.1992) (quoting Ex parte Coffee County Comm'n, 583 So.2d 985, 988 (Ala.1991)). See also Rule 81, Ala. R. Civ. P., Committee Comments on 1973 Adoption (noting that when a statutory provision is inconsistent with a Rule of Civil Procedure, the statute shall govern); see generally Rule 1, Ala. R. Civ. P. ("These rules shall be construed . . . to secure the just, speedy and inexpensive determination of every action.").
Not only does § 6-3-21.1(a), by its terms, not limit the rights it grants only to plaintiffs or defendants, the very next subsection of the statute, § 6-3-21.1(b), expressly refers to "[t]he right of a party to move for a change or transfer of venue pursuant to this statute." (Emphasis added.) Moreover, § 6-3-21.1(b) expressly states that this right of "a party" to move for a change of venue is "cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to § 6-3-20, § 6-3-21, or [the] Alabama Rules of Civil Procedure." (Emphasis added.)
The law firm and the individual lawyers ("the petitioners") rely on language in Rule 82(d)(3), Ala. R. Civ. P., providing that a "defendant" can choose the court to which a case is to be transferred when a plaintiff files the action in a county in which venue is improper. What Rule 82(d)(3) specifically says is that when the venue of an action is improper, the defendant "shall have the right to select such other court to which the action shall be transferred" (emphasis added); it does not state that the defendant shall have the right to select the forum in which the case ultimately shall be tried. Rule 82(d)(3) merely reflects the fact that, when a case is pending in a court that has no authority over it because venue is improper, before any discretionary orders regarding the management or prosecution of the case are enteredincluding any order choosing which of two proper venues should be selected for the trial of the casethe case must first be transferred to a court with the authority to exercise such discretion *16 and to make such decisions and that the defendant should have the right to make the initial choice of forum to which the case will be transferred for that purpose. Nothing in Rule 82(d)(3) provides that venue cannot thereafter be changed by the trial court if good cause exists to do so. In that regard, and to state the obvious, § 6-3-21.1 is a statute, not a rule as is Rule 82(d). A reading of Rule 82 as authorizing the defendant to select a forum to which the plaintiff and the court are thereafter unalterably bound would conflict with a reading of § 6-3-21.1(a) and (b) that is "rational and sensible" and that fully promotes the purpose and object intended by the legislature in enacting § 6-3-21.1.
The inability of the petitioners' construction of Rule 82(d)(3) to survive a comparison with the language and purpose of § 6-3-21.1 is no different than the fact that the petitioners' construction of Rule 82(d)(3) cannot survive a comparison with the provisions of the companion statute to § 6-3-21.1§ 6-3-20. Section 6-3-20 expressly, and without any exception, extends to "[e]ither party to a civil action" the right to "move the court to change the venue at any time before final trial" to the end of achieving a "fair and impartial trial." (Emphasis added.)
The petitioners base their argument on, and the main opinion relies upon, the fact that the language in § 6-3-21.1(a) providing that the transfer of an action from one forum to another for the sake of convenience is limited to "actions filed in an appropriate venue." Although the petitioners' interpretation of this phrase is not unreasonable, it is not the only reasonable interpretation.
When a case is filed in the wrong county and remains pending in that county, in no respect can it be said that the case is "filed" in a proper venue within the contemplation of § 6-3-21.1(a). That, in fact, was the situation in two of the three cases the main opinion cites for the proposition that § 6-3-21.1 has a field of operation "`only where an action is commenced in a county in which venue is appropriate,'" 663 So.2d at 954-55 (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995), and citing Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991)). In the third case the main opinion cites, Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App.1993), the discussion of forum non conveniens appears to be dictum in a case in which the only two venues under consideration were a county in which the case was originally filed and in which venue was improper and a county to which the trial court had transferred the case and in which venue was proper.
When a case is pending in a county where venue is proper, however, it is common to say that the case is "filed" in that county. It is not necessary, however, to rely only on such common usage of the term "filed." Rule 82(d)(1), Ala. R. Civ. P., expressly provides that when a case is commenced in the wrong county, but thereafter transferred to a county with proper venue, "the case shall proceed as though originally filed" in the county with proper venue. (Emphasis added.)
The conclusion that once a case comes to rest in a proper venue, either a plaintiff or a defendant may thereafter move for a transfer of that case on the ground of forum non conveniens, regardless of whether the plaintiff mistakenly filed the action initially in an improper venue, reflects the rule that obtains in states other than Alabama. As one treatise puts it, "[g]enerally, either party to an action, plaintiff or defendant, may file a request for a change of venue on discretionary grounds, such as on the ground that the convenience of witnesses would be promoted *17 by the change." 92A C.J.S. Venue § 142 (2000) (footnote omitted). As the same treatise goes on to explain, in a case in which a plaintiff makes an initial choice of forum that turns out to be improper and the action is then transferred to a proper venue on the motion of the defendant, "the plaintiff will then have the right, in the county to which the action is so removed, to move for removal of the cause for the convenience of witnesses." Id.[2]
In summary, I cannot construe § 6-3-21.1 as evidencing a legislative intent to extend with one hand a right to seek a convenient forum for the just and economical resolution of disputes while, with the other hand, withholding that right from approximately half of the litigants in our judicial system. Where a party has made an honest mistake in an initial choice of forum, I see no reason to deprive that party of the benefit of § 6-3-21.1. A reading of § 6-3-21.1 as extending the rights granted therein to all litigants is consistent with a common-sense reading of that statute that fully achieves the statute's purpose, that harmonizes the various provisions thereof with one another and with other statutes, that avoids a conflict with Rule 82(d)(1), and that puts Alabama law in line with the law of other jurisdictions.
NOTES
[1] In light of our holding, we need not consider the circumstances, if any, under which a plaintiff may be entitled to seek a transfer based on the doctrine of forum non conveniens.
[2] Similarly, the conclusion that the right to move for transfer on the ground of forum non conveniens is available to both plaintiffs and defendants is consistent with the rule in federal courts. Although the federal forum non conveniens statute does not contain the same disputed opening clause as is found in § 6-3-21.1, there appears to be near unanimity among federal jurisdictions "for the proposition that the motion [for a transfer on forum non conveniens grounds] also may be made by the plaintiff." 15 Charles Alan Wright et al., Federal Practice and Procedure § 3844 (3d ed.2007), and numerous cases cited therein. See also, e.g., Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986) ("[a] plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a)"); Pruess v. Udall, 359 F.2d 615 (D.C.Cir.1965); Torres v. Walsh, 221 F.2d 319 (2d Cir.1955); Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 784 (6th Cir.1961) (the right to a transfer under the statute is available to a plaintiff as well as a defendant); but see Federal Practice and Procedure § 3844 (also including citations to two federal district court cases in which a contrary conclusion was reached).