12 So.3d 1204 (2009)
Ex parte AIG BAKER ORANGE BEACH WHARF, L.L.C., and Jeff Rouzie.
(In re Be-Jeweled, L.L.C., an Alabama limited liability company, et al.
v.
AIG Baker Orange Beach Wharf, L.L.C., et al.).
1071345.
Supreme Court of Alabama.
January 9, 2009.
*1205 James A. Harris, Jr., and Clyde O. Westbrook III of Harris & Harris, LLP, Birmingham, for petitioners.
Peter F. Burns and Troy T. Schwant of Burns, Cunningham & Mackey, P.C., Mobile; and G. Daniel Evans of Evans & Sexton, P.C., Birmingham, for respondents.
SEE, Justice.
AIG Baker Orange Beach Wharf, L.L.C. ("AIG Baker"), and Jeff Rouzie, in his individual capacity and as an agent of AIG Baker ("Rouzie"), petition this Court for the writ of mandamus directing the Jefferson Circuit Court to vacate its order transferring this action to the Baldwin Circuit Court. Because venue in Jefferson County, where this action was originally filed, is improper, the trial court erred by transferring *1206 the action to the Baldwin Circuit Court pursuant to Alabama's forum non conveniens statute, § 6-3-21.1(a), Ala. Code 1975. We therefore grant the petition and issue the writ.

Facts and Procedural History
This action was filed in the Jefferson Circuit Court by numerous tenants or lease guarantors of tenants ("the tenants") of The Wharf, a retail shopping center located in Orange Beach, Alabama, naming as defendants, among others, AIG Baker, the owner of The Wharf, and Rouzie, in his individual capacity and as an agent of AIG Baker. The tenants' original complaint alleged that AIG Baker is a Delaware limited liability company whose principal place of business is in Jefferson County, Alabama; however, the complaint does not mention Rouzie's residence. (AIG Baker and Rouzie are hereinafter collectively referred to as "AIG.") AIG answered the complaint, without objecting to the tenants' choice of venue, and asserted counterclaims against various of the tenants.[1] The tenants subsequently moved the trial court to transfer the action to the Baldwin Circuit Court pursuant to Alabama's forum non conveniens statute, § 6-3-21.1(a), Ala.Code 1975,[2] on the basis that Baldwin County was more convenient for the witnesses and parties and that a transfer to the Baldwin Circuit Court would serve the interest of justice. AIG objected to the motion for a change of venue, arguing that the tenants could not transfer the action under § 6-3-21.1 because it is undisputed that Jefferson County is not an appropriate venue for this action: Rouzie, the individual defendant does not reside there; the sole member of AIG does not reside there; and the act or omission complained of did not occur there.[3] The tenants responded that AIG had waived the improper-venue argument by failing to object to venue in Jefferson County as improper.
After receiving briefs and hearing oral argument on the motion to transfer, the trial court entered an order on June 9, 2008. In its order, the trial court first addressed whether the tenants could seek a transfer under § 6-3-21.1, stating:
"Under the undisputed facts, Jefferson County was an improper venue for this action at the time the complaint was filed. However, [AIG] waived any objection to venue, making venue appropriate *1207 in this forum. Under Ala. R. Civ. P., Rule 12(h)(1), a defense of improper venue is waived when it is not timely raised by the defendant. Because of [AIG's] waiver, the court concludes that venue was appropriate in Jefferson County, so the court may consider the [tenants'] Motion to Transfer."
Because the trial court concluded that venue in Jefferson County became proper when AIG failed to raise an impropervenue objection, it addressed the merits of the motion to transfer. The trial court concluded that "it is clear that Baldwin County is the more convenient forum for the parties and the witnesses as compared to Jefferson County," and it consequently granted the motion to transfer. AIG now petitions this Court for the writ of mandamus, directing the trial court to vacate its order transferring the action to the Baldwin Circuit Court.

Standard of Review
"A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county."[4]Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 13-14 (Ala.2007) (citing Ex parte Wilson, 854 So.2d 1106, 1109 (Ala.2002)). "`Mandamus is an extraordinary remedy and will be granted only when there is "(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court."'" Ex parte Flowers, 991 So.2d 218, 220 (Ala.2008) (quoting Ex parte Dillard Dep't Stores, Inc., 879 So.2d 1134, 1136 (Ala.2003), quoting in turn Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). "`Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion.'" Ex parte Bama Concrete, 8 So.3d 295, 296 (Ala.2008) (quoting Ex parte Kane, 989 So.2d 509, 511 (Ala.2008)).

Analysis
AIG argues that the trial court exceeded its discretion by granting the tenants' motion to transfer the action on the basis of forum non conveniens because, AIG says, the venue in which the action was initially filed was an improper venue.[5] The tenants argue in response, as they did below, that even if venue was initially improper in Jefferson County, AIG's argument is waived because AIG neither raised improper venue as an affirmative defense in *1208 its answer nor filed a motion for a change of venue. We disagree with the tenants' argument.
"The doctrine of forum non conveniens was formally adopted in this state and codified at § 6-3-21.1, Ala.Code 1975; the doctrine has a field of operation only where an action is commenced in a county in which venue is appropriate." Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995). See also § 6-3-21.1, Ala.Code 1975 ("With respect to civil actions filed in an appropriate venue....").[6] "This statutory language is consistent with `the fundamental premise of all transfers for convenience  i.e., that venue is good at the time of filing, but that a transfer to a better venue is, or has become, appropriate.'" Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d at 14 (quoting Ex parte Wilson, 854 So.2d at 1112). It is undisputed that this action was filed in Jefferson County and that Jefferson County was not a proper venue for this action. Thus, "[b]ecause venue was improper in Jefferson County, the doctrine of forum non conveniens adopted in this state and codified at § 6-3-21.1, Code of Alabama 1975, has no application in this case." Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991).
This established principle notwithstanding, the tenants argue that "[i]n the current action, it is undisputed that [AIG] did not raise venue as a defense in any of [its] answers or file a motion to transfer venue, and, therefore, the defense [of improper venue] is waived." Tenants' brief at 7. See Ex parte Till, 595 So.2d 871, 872 (Ala.1992) ("Rule 12(b), [Ala. R. Civ. P.,] ... requires that a claim of `improper venue' be made in the responsive pleading or in a motion filed before the responsive pleading. ... If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived."). In this same vein, the tenants also argue that the above-cited caselaw is distinguishable because "in each of those cases the defendants timely objected to venue." Tenants' brief at 7. However, nothing in the plain language of the forum non conveniens statute  "filed in an appropriate venue"  suggests that certain post-filing actions or events can allow the statute to be invoked when the legislature did not authorize its invocation.[7] Moreover, other than attempting to distinguish the caselaw relied upon by AIG, the tenants provide no caselaw in support of their assertion that a defendant who has not raised the defense of improper venue cannot later object to a motion to transfer based on the doctrine of forum non conveniens on the ground that the statutory requirements of § 6-3-21.1 were not met. "`"[W]e cannot create legal arguments for a party based on undelineated general propositions unsupported by authority or argument."'" Horn v. Fadal Machining Ctrs., LLC, 972 So.2d 63, 80 (Ala.2007) (quoting University of South Alabama v. *1209 Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala.2004), quoting in turn Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992)).
Therefore, AIG has demonstrated that it has a clear legal right to have the tenants' motion to transfer the case denied and that the trial court exceeded its discretion in granting the motion to transfer. Therefore, AIG has demonstrated that it is entitled to mandamus relief.

Conclusion
For the foregoing reasons, we grant the petition and issue the writ of mandamus directing the trial court to vacate its order of June 9, 2008, transferring this action to the Baldwin Circuit Court.
PETITION GRANTED; WRIT ISSUED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
MURDOCK, Justice (dissenting).
When a case is filed in an improper venue, the court in that venue, at least initially, has no authority to hear and decide that case. By the same token, such a court is not the proper court to make discretionary decisions regarding the management or prosecution of the case, including the discretionary decision of which of two or more other venues ought to receive the case under the doctrine of forum non conveniens. Cf. Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 15-16 (Ala.2007) (Murdock, J., dissenting) ("[W]hen a case is pending in a court that has no authority over it because venue is improper, before any discretionary orders regarding the management or prosecution of the case are entered  including any order choosing which of two proper venues should be selected for the trial of the case  the case must first be transferred to a court with the authority to exercise such discretion and to make such decisions...."). Such a case must either be transferred to a court with such authority, i.e., a court having proper venue over the case, or the court in which the case is pending must somehow become an appropriate venue for that case and thereupon be imbued with that authority.
The latter is what happened in the present case. When the petitioners, as defendants, waived the defense of improper venue, the Jefferson Circuit Court was imbued with the authority to decide the case. At that point, it became a court of proper venue and acquired the same authority over the case that any court would have over any case in which venue is appropriate. If the authority to order a transfer of the case "for the convenience of the parties" or, indeed, "in the interest of justice" does not then rest in that court, then it does not rest in any court for purposes of this case. I do not think that was the legislative intent behind § 6-3-21.1, Ala. Code 1975, Alabama's forum non conveniens statute.
The petitioners argue that the language in § 6-3-21.1(a)  providing that actions "filed in an appropriate venue" may be transferred for convenience or in the interest of justice to another court "in which the action might have been properly filed"  allows a court to make such a transfer only where the filing of the complaint in that case was in a venue that, under the strictures of Title 6, Chapter 3, Ala.Code 1975, and Rule 82, Ala. R. Civ. P., was appropriate at the outset. That is a reasonable interpretation; I do not believe it is the only reasonable interpretation. I believe the legislative purpose behind § 6-3-21.1 requires this Court to give a somewhat more "common usage" interpretation to the quoted passage. When a case is pending in a county, it is not uncommon *1210 to say that the case is "filed" in that county.[8]
"A statute should be construed not only in light of its language but also in light of its purpose, its object, its relation to other laws, and the conditions that may arise under its provisions." Ex parte Edwards, 816 So.2d 98, 106 (Ala.2001). Furthermore, "[i]t is a well established rule of statutory interpretation that the law favors rational and sensible construction ...." Crowley v. Bass, 445 So.2d 902, 904 (Ala. 1984).
The irony of the interpretation now utilized by this Court is thus: When an action begins in a venue that is sufficiently convenient and in accord with the interest of justice that our statutes and rules deem that venue to be a "proper" one, that action subsequently can be moved using the doctrine of forum non conveniens to a venue that is even more convenient or that will even better serve the interests of justice. But when an action begins in a venue not sufficiently convenient or in accord with the interest of justice even to be deemed a "proper" one by our statutes and rules, but the defendant fails to timely assert the defense of improper venue, the doctrine of forum non conveniens is not available to move that action to a venue that will be more convenient or more conducive to a just outcome. In other words, where the need for the doctrine of forum non conveniens is less, it is available; where the need for the doctrine is at its greatest, it is not available.
The trial court concluded its order with the following analysis:
"Under the undisputed facts, Jefferson County was an improper venue for this action at the time the complaint was filed. However, the defendants waived any objection to venue, making venue appropriate in this forum. Under Ala. R. Civ. P., Rule 12(h)(1), a defense of improper venue is waived when it is not timely raised by the defendant. Because of the defendants' waiver, the court concludes that venue was appropriate in Jefferson County, so the court may consider the plaintiff's Motion to Transfer.
"....
"The court has considered the submissions and it is clear that Baldwin County is the more convenient forum for the parties and the witnesses as compared to Jefferson County. The dispute is over property located in Baldwin County. The construction project was in Baldwin County. Most, if not all, of the witnesses having knowledge of the facts of the case reside in Baldwin County and Birmingham is approximately 280 miles from Baldwin County. There is related litigation pending in the Circuit Court of Baldwin County. In fact, except for the attorneys, Jefferson County has no connection with this litigation. It *1211 would be in the interest of justice for this case to proceed in Baldwin County."[9]
Based on the foregoing, I respectfully dissent.
COBB, C.J., concurs.
NOTES
[1] After the tenants filed their initial complaint, AIG filed an action in the Baldwin Circuit Court to evict certain other tenants of The Wharf.
[2] The relevant portion of § 6-3-21.1(a) provides:

"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
[3] The tenants' original complaint named two defendants  AIG Baker and Rouzie. Under Rule 82(c), Ala. R. Civ. P., "[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." The action against Rouzie, an individual, would have been proper only in the county in which he resides or "the county in which the act or omission complained of may have been done or may have occurred." § 6-3-2(a)(3), Ala.Code 1975. It is undisputed that Rouzie is not a resident of Jefferson County and that the act or omission complained of did not occur there. Similarly, the action against AIG Baker, a limited liability company, is appropriate only "where its individual partners reside." Ex parte Burr & Forman, LLP, 5 So.3d 557, 565 (Ala.2008). Again, it is undisputed that AIG Baker's sole member does not reside in Jefferson County.
[4] In Ex parte Chapman Nursing Home, Inc., 903 So.2d 813, 815 (Ala.2004), this Court stated:

"`Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.' Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot `retransfer' the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala. 1985). `The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court.' MedPartners, 820 So.2d at 821."
See also 2 Champ Lyons, Jr., and Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (4th ed. 2004) ("The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer." (citations omitted)).
[5] AIG makes two additional arguments as to why this Court should issue the writ. However, because the first argument is dispositive, we do not address the other two arguments.
[6] See also Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 585 (Ala.2006) ("`The doctrine [of forum non conveniens] is applicable only when the action is commenced in a county in which venue is appropriate.'" (quoting Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App. 1993) (brackets added in Volvo Trucks))); Ex parte Townsend, 589 So.2d 711, 714 (Ala. 1991) ("That doctrine [of forum non conveniens] has a field of operation only where the action is commenced in a county in which venue is appropriate.").
[7] "It is well-settled law in this State that the interpretation of a statute begins with the plain language of the statute itself." Housing Auth. of Huntsville v. Hartford Accident & Indem. Co., 954 So.2d 577, 582 (Ala.2006) (citing Ex parte Achenbach, 783 So.2d 4 (Ala. 2000)).
[8] On the other hand, as I said in my dissenting opinion in Ex parte Miller, Hamilton, 978 So.2d at 16:

"When a case is filed in the wrong county and remains pending in that county, in no respect can it be said that the case is `filed' in a proper venue within the contemplation of § 6-3-21.1(a). That, in fact, was the situation in two of the three cases the main opinion cites for the proposition that § 6-3-21.1 has a field of operation `"only where an action is commenced in a county in which venue is appropriate,"' 978 So.2d at 14 (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala. 1995), and citing Ex parte Townsend, 589 So.2d 711, 714 (Ala. 1991)). In the third case the main opinion cites, Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App. 1993), the discussion of forum non conveniens appears to be dictum in a case in which the only two venues under consideration were a county in which the case was originally filed and in which venue was improper and a county to which the trial court had transferred the case and in which venue was proper."
[9] Contrary to the suggestion near the end of the main opinion, I believe both the trial court and the tenants rely on well-crafted legal arguments and not "undelineated general propositions." 12 So.3d at 1208. Moreover, I read the analysis provided by both the trial court in its order and by the tenants in an effort to persuade this Court to deny the petition for the writ of mandamus and effectively affirm that order as being in accord with the analysis provided in this special writing. Although the tenants are unable to cite to a specific case on "all fours" with this one, that apparently is because there is none. Instead, the tenants reason from the statute and correctly distinguish the cases relied upon by the petitioners and the main opinion as cases in which the defense of improper venue was timely raised. As a result, the forum in which the action was initially filed in each of those cases never became an "appropriate" forum, as occurred here, with authority to hear and decide the case and, in the process, make discretionary decisions as to such issues as forum non conveniens.

Further, even if the position taken in this writing were materially different than that expressed by the tenants in their brief to this Court, I note that the position taken is a "valid legal ground" upon which an appellate court such as this can affirm a judgment of a trial court, "even if that ground was not argued before the trial court or this Court," Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala. 2000). See also Unum Life Ins. Co. of America v. Wright, 897 So.2d 1059, 1082 (Ala.2004) ("`This Court may affirm a trial court's judgment on "any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court."'" (quoting General Motors Corp. v. Stokes Chevrolet, Inc., 885 So.2d 119, 124 (Ala.2003), quoting in turn Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003))); Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (noting the "rather obvious fundamental difference in upholding the trial court's judgment and reversing it" and the principle that we "`will affirm the judgment appealed from if supported on any valid legal ground'").