SEE, Justice.
AIG Baker Orange Beach Wharf, L.L.C. (“AIG Baker”), and Jeff Rouzie, in his individual capacity and as an agent of AIG Baker (“Rouzie”), petition this Court for the writ of mandamus directing the Jefferson Circuit Court to vacate its order transferring this action to the Baldwin Circuit Court. Because venue in Jefferson County, where this action was originally filed, is improper, the trial court erred by transfer *1206 ring the action to the Baldwin Circuit Court pursuant to Alabama’s forum non conveniens statute, § 6-3-21.1(a), Ala. Code 1975. We therefore grant the petition and issue the writ.

Facts and Procedural History

This action was filed in the Jefferson Circuit Court by numerous tenants or lease guarantors of tenants (“the tenants”) of The Wharf, a retail shopping center located in Orange Beach, Alabama, naming as defendants, among others, AIG Baker, the owner of The Wharf, and Rouzie, in his individual capacity and as an agent of AIG Baker. The tenants’ original complaint alleged that AIG Baker is a Delaware limited liability company whose principal place of business is in Jefferson County, Alabama; however, the complaint does not mention Rouzie’s residence. (AIG Baker and Rouzie are hereinafter collectively referred to as “AIG.”) AIG answered the complaint, without objecting to the tenants’ choice of venue, and asserted counterclaims against various of the tenants.[1] The tenants subsequently moved the trial court to transfer the action to the Baldwin Circuit Court pursuant to Alabama’s forum non conveniens statute, § 6-3-21.1(a), Ala.Code 1975,[2] on the basis that Baldwin County was more convenient for the witnesses and parties and that a transfer to the Baldwin Circuit Court would serve the interest of justice. AIG objected to the motion for a change of venue, arguing that the tenants could not transfer the action under § 6-3-21.1 because it is undisputed that Jefferson County is not an appropriate venue for this action: Rouzie, the individual defendant does not reside there; the sole member of AIG does not reside there; and the act or omission complained of did not occur there.[3] The tenants responded that AIG had waived the improper-venue argument by failing to object to venue in Jefferson County as improper.
After receiving briefs and hearing oral argument on the motion to transfer, the trial court entered an order on June 9, 2008. In its order, the trial court first addressed whether the tenants could seek a transfer under § 6-3-21.1, stating:
“Under the undisputed facts, Jefferson County was an improper venue for this action at the time the complaint was filed. However, [AIG] waived any objection to venue, making venue appropri *1207 ate in this forum. Under Ala. R. Civ. P., Rule 12(h)(1), a defense of improper venue is waived when it is not timely raised by the defendant. Because of [AIG’s] waiver, the court concludes that venue was appropriate in Jefferson County, so the court may consider the [tenants’] Motion to Transfer.”
Because the trial court concluded that venue in Jefferson County became proper when AIG failed to raise an improper-venue objection, it addressed the merits of the motion to transfer. The trial court concluded that “it is clear that Baldwin County is the more convenient forum for the parties and the witnesses as compared to Jefferson County,” and it consequently granted the motion to transfer. AIG now petitions this Court for the writ of mandamus, directing the trial court to vacate its order transferring the action to the Baldwin Circuit Court.

Standard of Review

“A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county.”[4] Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 13-14 (Ala.2007) (citing Ex parte Wilson, 854 So.2d 1106, 1109 (Ala.2002)). “ ‘Mandamus is an extraordinary remedy and will be granted only when there is “(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Flowers, 991 So.2d 218, 220 (Ala.2008) (quoting Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1136 (Ala.2003), quoting in turn Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). “ ‘Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion.’” Ex parte Bama Concrete, 8 So.3d 295, 296 (Ala.2008) (quoting Ex parte Kane, 989 So.2d 509, 511 (Ala.2008)).

Analysis

AIG argues that the trial court exceeded its discretion by granting the tenants’ motion to transfer the action on the basis of forum non conveniens because, AIG says, the venue in which the action was initially filed was an improper venue.[5] The tenants argue in response, as they did below, that even if venue was initially improper in Jefferson County, AIG’s argument is waived because AIG neither raised improper venue as an affirmative defense in *1208 its answer nor filed a motion for a change of venue. We disagree with the tenants’ argument.
“The doctrine of forum non con-veniens was formally adopted in this state and codified at § 6-3-21.1, Ala.Code 1975; the doctrine has a field of operation only where an action is commenced in a county in which venue is appropriate.” Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995). See also § 6-3-21.1, Ala.Code 1975 (“With respect to civil actions filed in an appropriate venue .... ”).[6] “This statutory language is consistent with ‘the fundamental premise of all transfers for convenience — i.e., that venue is good at the time of filing, but that a transfer to a better venue is, or has become, appropriate.’ ” Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d at 14 (quoting Ex parte Wilson, 854 So.2d at 1112). It is undisputed that this action was filed in Jefferson County and that Jefferson County was not a proper venue for this action. Thus, “[b]ecause venue was improper in Jefferson County, the doctrine of forum non conveniens adopted in this state and codified at § 6-3-21.1, Code of Alabama 1975, has no application in this case.” Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991).
This established principle notwithstanding, the tenants argue that “[i]n the current action, it is undisputed that [AIG] did not raise venue as a defense in any of [its] answers or file a motion to transfer venue, and, therefore, the defense [of improper venue] is waived.” Tenants’ brief at 7. See Ex parte Till, 595 So.2d 871, 872 (Ala.1992) (“Rule 12(b), [Ala. R. Civ. P.,] ... requires that a claim of ‘improper venue’ be made in the responsive pleading or in a motion filed before the responsive pleading. ... If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived.”). In this same vein, the tenants also argue that the above-cited caselaw is distinguishable because “in each of those cases the defendants timely objected to venue.” Tenants’ brief at 7. However, nothing in the plain language of the forum non conveniens statute — “filed in an appropriate venue” — suggests that certain post-filing actions or events can allow the statute to be invoked when the legislature did not authorize its invocation.[7] Moreover, other than attempting to distinguish the caselaw relied upon by AIG, the tenants provide no caselaw in support of their assertion that a defendant who has not raised the defense of improper venue cannot later object to a motion to transfer based on the doctrine of forum non conve-niens on the ground that the statutory requirements of § 6-3-21.1 were not met. “ ‘ “[W]e cannot create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.” ’ ” Horn v. Fadal Machining Ctrs., LLC, 972 So.2d 63, 80 (Ala.2007) (quoting University of South Alabama v. *1209 Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala.2004), quoting in turn Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992)).
Therefore, AIG has demonstrated that it has a clear legal right to have the tenants’ motion to transfer the case denied and that the trial court exceeded its discretion in granting the motion to transfer. Therefore, AIG has demonstrated that it is entitled to mandamus relief.

Conclusion

For the foregoing reasons, we grant the petition and issue the writ of mandamus directing the trial court to vacate its order of June 9, 2008, transferring this action to the Baldwin Circuit Court.
PETITION GRANTED; WRIT ISSUED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J„ dissent.

. After the tenants filed their initial complaint, AIG filed an action in the Baldwin Circuit Court to evict certain other tenants of The Wharf.

. The relevant portion of § 6-3-21.1 (a) provides:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”

. The tenants' original complaint named two defendants — AIG Baker and Rouzie. Under Rule 82(c), Ala. R. Civ. P., "[wjhere several claims or parlies have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.” The action against Rouzie, an individual, would have been proper only in the county in which he resides or "the county in which the act or omission complained of may have been done or may have occurred.” § 6-3-2(a)(3), Ala.Code 1975. It is undisputed that Rouzie is not a resident of Jefferson County and that the act or omission complained of did not occur there. Similarly, the action against AIG Baker, a limited liability company, is appropriate only "where its individual partners reside.” Ex parte Burr & Forman, LLP, 5 So.3d 557, 565 (Ala.2008). Again, it is undisputed that AIG Baker's sole member does not reside in Jefferson County.

. In Ex parte Chapman Nursing Home, Inc., 903 So.2d 813, 815 (Ala.2004), this Court stated:
" ‘Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.' Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot ‘retransfer’ the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala.1985). 'The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the trans-feror court.' MedPartners, 820 So.2d at 821.”
See also 2 Champ Lyons, Jr., and Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (4th ed. 2004) (“The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer.” (citations omitted)).

. AIG makes two additional arguments as to why this Court should issue the writ. However, because the first argument is dispositive, we do not address the other two arguments.

. See also Ex parte Volvo Trueles North America, Inc., 954 So.2d 583, 585 (Ala.2006) (" 'The doctrine [of forum non conveniens ] is applicable only when the action is commenced in a county in which venue is appropriate.’ " (quoting Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App.1993) (brackets added in Volvo Trucks))); Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991) ("That doctrine [of forum non conve-niens ] has a field of operation only where the action is commenced in a county in which venue is appropriate.").

. "It is well-settled law in this State that the interpretation of a statute begins with the plain language of the statute itself.” Housing Auth. of Huntsville v. Hartford Accident & Indem. Co., 954 So.2d 577, 582 (Ala.2006) (citing Ex parte Achenbach, 783 So.2d 4 (Ala.2000)).