MURDOCK, Justice
(dissenting).
When a case is filed in an improper venue, the court in that venue, at least initially, has no authority to hear and decide that case. By the same token, such a court is not the proper court to make discretionary decisions regarding the management or prosecution of the case, including the discretionary decision of which of two or more other venues ought to receive the case under the doctrine of forum non conveniens. Cf. Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 15-16 (Ala.2007) (Murdock, J., dissenting) (“[W]hen a case is pending in a court that has no authority over it because venue is improper, before any discretionary orders regarding the management or prosecution of the case are entered — including any order choosing which of two proper venues should be selected for the trial of the case — the case must first be transferred to a court with the authority to exercise such discretion and to make such decisions .... ”). Such a case must either be transferred to a court with such authority, i.e., a court having proper venue over the case, or the court in which the case is pending must somehow become an appropriate venue for that case and thereupon be imbued with that authority.
The latter is what happened in the present case. When the petitioners, as defendants, waived the defense of improper venue, the Jefferson Circuit Court was imbued with the authority to decide the case. At that point, it became a court of proper venue and acquired the same authority over the case that any court would have over any case in which venue is appropriate. If the authority to order a transfer of the case “for the convenience of the parties” or, indeed, “in the interest of justice” does not then rest in that court, then it does not rest in any court for purposes of this case. I do not think that was the legislative intent behind § 6-3-21.1, Ala. Code 1975, Alabama’s forum non conve-niens statute.
The petitioners argue that the language in § 6-3-21.1(a) — providing that actions “filed in an appropriate venue” may be transferred for convenience or in the interest of justice to another court “in which the action might have been properly filed” — allows a court to make such a transfer only where the filing of the complaint in that case was in a venue that, under the strictures of Title 6, Chapter 3, Ala.Code 1975, and Rule 82, Ala. R. Civ. P., was appropriate at the outset. That is a reasonable interpretation; I do not believe it is the only reasonable interpretation. I believe the legislative purpose behind § 6-3-21.1 requires this Court to give a somewhat more “common usage” interpretation to the quoted passage. When a case is pending in a county, it is not un *1210 common to say that the case is “filed” in that county.[8]
“A statute should be construed not only in light of its language but also in light of its purpose, its object, its relation to other laws, and the conditions that may arise under its provisions.” Ex parte Edwards, 816 So.2d 98, 106 (Ala.2001). Furthermore, “[i]t is a well established rule of statutory interpretation that the law favors rational and sensible construction .... ” Crowley v. Bass, 445 So.2d 902, 904 (Ala. 1984).
The irony of the interpretation now utilized by this Court is thus: When an action begins in a venue that is sufficiently convenient and in accord with the interest of justice that our statutes and rules deem that venue to be a “proper” one, that action subsequently can be moved using the doctrine of forum non conveniens to a venue that is even more convenient or that will even better serve the interests of justice. But when an action begins in a venue not sufficiently convenient or in accord with the interest of justice even to be deemed a “proper” one by our statutes and rules, but the defendant fails to timely assert the defense of improper venue, the doctrine of forum non conveniens is not available to move that action to a venue that will be more convenient or more conducive to a just outcome. In other words, where the need for the doctrine of forum non conveniens is less, it is available; where the need for the doctrine is at its greatest, it is not available.
The trial court concluded its order with the following analysis:
“Under the undisputed facts, Jefferson County was an improper venue for this action at the time the complaint was filed. However, the defendants waived any objection to venue, making venue appropriate in this forum. Under Ala. R. Civ. P., Rule 12(h)(1), a defense of improper venue is waived when it is not timely raised by the defendant. Because of the defendants’ waiver, the court concludes that venue was appropriate in Jefferson County, so the court may consider the plaintiffs Motion to Transfer.
[[Image here]]
“The court has considered the submissions and it is clear that Baldwin County is the more convenient forum for the parties and the witnesses as compared to Jefferson County. The dispute is over property located in Baldwin County. The construction project was in Baldwin County. Most, if not all, of the witnesses having knowledge of the facts of the case reside in Baldwin County and Birmingham is approximately 280 miles from Baldwin County. There is related litigation pending in the Circuit Court of Baldwin County. In fact, except for the attorneys, Jefferson County has no connection with this litigation. It *1211 would be in the interest of justice for this case to proceed in Baldwin County.”[9]
Based on the foregoing, I respectfully dissent.
COBB, C.J., concurs.

. On the other hand, as I said in my dissenting opinion in Ex parte Miller, Hamilton, 978 So.2d at 16:
"When a case is filed in the wrong county and remains pending in that county, in no respect can it be said that the case is 'filed' in a proper venue within the contemplation of § 6-3-21.1(a). That, in fact, was the situation in two of the three cases the main opinion cites for the proposition that § 6-3-21.1 has a field of operation ' "only where an action is commenced in a county in which venue is appropriate,” ' 978 So.2d at 14 (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995), and citing Ex parte Townsend, 589 So.2d 711, 714 (Ala. 1991)). In the third case the main opinion cites, Montgomery Elevator Co. v. Pinkney, 628 So.2d 767, 768 (Ala.Civ.App. 1993), the discussion of forum non conve-niens appears to be dictum in a case in which the only two venues under consideration were a county in which the case was originally filed and in which venue was improper and a county to which the trial court had transferred the case and in which venue was proper.”

. Contrary to the suggestion near the end of the main opinion, I believe both the trial court and the tenants rely on well-crafted legal arguments and not "undelineated general propositions." 12 So.3d at 1208. Moreover, I read the analysis provided by both the trial court in its order and by the tenants in an effort to persuade this Court to deny the petition for the writ of mandamus and effectively affirm that order as being in accord with the analysis provided in this special writing. Although the tenants are unable to cite to a specific case on "all fours” with this one, that apparently is because there is none. Instead, the tenants reason from the statute and correctly distinguish the cases relied upon by the petitioners and the main opinion as cases in which the defense of improper venue was timely raised. As a result, the forum in which the action was initially filed in each of those cases never became an "appropriate" forum, as occurred here, with authority to hear and decide the case and, in the process, make discretionary decisions as to such issues as forum non conveniens.
Further, even if the position taken in this writing were materially different than that expressed by the tenants in their brief to this Court, I note that the position taken is a "valid legal ground” upon which an appellate court such as this can affirm a judgment of a trial court, "even if that ground was not argued before the trial court or this Court," Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala.2000). See also Unum Life Ins. Co. of America v. Wright, 897 So.2d 1059, 1082 (Ala.2004) (" 'This Court may affirm a trial court’s judgment on "any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.” ' ” (quoting General Motors Corp. v. Stokes Chevrolet, Inc., 885 So.2d 119, 124 (Ala.2003), quoting in turn Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003))); Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (noting the "rather obvious fundamental difference in upholding the trial court’s judgment and reversing it” and the principle that we " ‘will affirm the judgment appealed from if supported on any valid legal ground' ”).